

U.S. Department of Justice

United States Attorney
Eastern District of New York

CMM/MJB  
F. #2017R00578

610 Federal Plaza  
Central Islip, New York 11722

April 9, 2020

By Email and ECF  
The Honorable Joan M. Azrack  
United States District Judge  
United States District Court  
Eastern District of New York  
924 Federal Plaza  
Central Islip, New York 11722

       Re:    United States v. Trimarco  
                Criminal Docket No. 17-583 (S-1) (JMA)

Dear Judge Azrack:

        The government submits the within letter in opposition to the defendant's motion to dismiss the Superseding Indictment (ECF Dkt. No. 97). See Defendant's Letter Brief, dated February 24, 2020 ("Def. Mem."). As set forth in the government's January 6, 2020 opposition to the defendant's original motion to dismiss ("Govt Mem"), and below, the government's Superseding Indictment is not duplicitous or time-barred; thus, the defendant's motion to dismiss should be denied.

        In seeking dismissal, the defendant argues that, while the government now alleges a single scheme, rather than two, the government cannot factually allege a single scheme because the government cannot allege that Individual #1 was both a victim and a co-conspirator in the same scheme. See Def. Mem at 1-2. The defendant is wrong.

        As an initial matter, the defendant incorrectly continues to posit that the original Indictment charged two schemes. The Superseding Indictment, like the original Indictment, charges the defendant with one scheme: a scheme to defraud the beneficiary or beneficiaries of Individual #2's estate (the "Estate") of the settlement funds from the federal wrongful death action (the "Settlement Funds"). As previously indicated, during the course of the defendant's fraud scheme, the identity of the beneficiary or beneficiaries was not always clear; Individual #1 was believed to the beneficiary before it was, ultimately, determined that Individual #3 was the rightful heir. Regardless, as set forth in both the original Indictment and in the Superseding Indictment, at times, during the course of the defendant's fraudulent scheme, Individual #1 was a victim and, at times, Individual #1 was a co-conspirator.

The defendant argues that Individual #1 cannot be both a victim and a co-conspirator. In support of this contention, the defendant cites United States v. Reifler, 446 F.3d 65 (2d Cir 2006) and United States v. Lazarenko, 624 F.3d 1247 (9th Cir. 2020). However, these cases are inapplicable as Reifler and Lazarenko address the wholly different issue of restitution to victims who were also coconspirators, under the Mandatory Victims Restitution Act (the "MVRA"), 18 U.S.C. § 3663A, at the time of sentencing. Neither court held that an individual could not be "both a victim and a participant;" rather, the courts held that coconspirator could not qualify as a "victim" under the MVRA for purposes of being awarded restitution.

In Reifler, the defendants were convicted of conspiring to inflate the stock of a company. The Second Circuit vacated the restitution order on the grounds that the identified victims improperly included one or more coconspirators. See Reifler, 446 F.3d at 122-32. The Court concluded that such individuals were not victims "within the meaning of the MVRA because they were instead coconspirators" and the district court's restitution order had to be vacated because it was "beyond the authority conferred by the MVRA." Id. at 132.

Similarly, in Lazarenko, the Ninth Circuit held that "as a general rule, a participant in a crime cannot recover restitution." There, the individual seeking restitution was *described by the court as "both a victim and a participant"* of a money laundering scheme who had profited from the conspiracy. Id. at 1250 (emphasis added). The Ninth Circuit concluded that, based on these facts, the individual could not qualify as a "victim" under the MVRA. Id. at 1251. The court reasoned that coconspirators should be treated differently than innocent victims for purposes of restitution because "[o]therwise, the federal courts would be involved in distributing funds among wholly guilty co-conspirators, where one or more co-conspirators may have cheated their comrades." Id. The court did not, however, conclude that a victim cannot also be a participant in the scheme; rather, the court described the individual as just that – both a victim and a participant.

In any event, the language in the charged counts in the Superseding Indictment refer to the victim(s) of the defendant's fraudulent scheme as "one or more beneficiaries of Individual #2's estate." See Superseding Indictment, ¶¶ 25, 27. This language is permissive and, as set forth in detail in the government's January 6, 2020 opposition to the defendant's motion to dismiss, the charges against the defendant are adequately pleaded and are not duplicitous. See Govt. Mem. at 9-15. Accordingly, the defendant's motion to dismiss based on duplicity should be denied.

Equally unavailing is the defendant's argument that the government's Superseding Indictment broadens the charges in the original indictment and, thus, is time-barred. Id. at 2-3. Specifically, the defendant claims that the government's change of description of the victims of the defendant's fraud scheme – from Individual #1 and Individual #3 (identified in the original indictment as Co-Conspirator #1 and Individual #2) to "one or more beneficiaries of Individual #2's estate" in the Superseding Indictment – broadens the charges. The defendant is wrong. The description of the victims of the defendant's fraudulent scheme does not broaden the charges or change the substance of the charges. Indeed, the

Superseding Indictment charges the exact same wire and money laundering transactions as were charged in the original indictment.

        Accordingly, for all these reasons and those set forth in the government's January 6, 2020 memorandum, the defendant's motions should be denied in their entirety.

                                    Respectfully submitted,

                                    RICHARD P. DONOGHUE
                                  United States Attorney

                    By:     /s/
                              Catherine M. Mirabile
                              Michael J. Bushwack
                              Assistant U.S. Attorneys
                              (631) 715-7850 / (718) 254-6454

cc:    Dennis Ring, Esq.
       Jonathan Edelstein, Esq.